# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00812-COA

ALPHONSO MILLER                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                               APPELLEE

DATE OF JUDGMENT:              06/15/2023
TRIAL JUDGE:                   HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:     WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ALPHONSO MILLER (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/03/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2018, Alphonso Miller pled guilty to being a felon in possession of a weapon. He

was sentenced to a suspended ten-year term in the custody of the Mississippi Department of

Corrections (MDOC) and ordered to serve five years of post-release supervision (PRS)

followed by five years of unsupervised probation. In 2022, Miller pled guilty to the sale of

methamphetamine, thereby violating the terms of his PRS. The circuit court revoked Miller's

PRS and ordered him to serve ten years in MDOC custody for his 2018 conviction.[1] Miller

---

[1] *See* Miss. Code Ann. § 47-7-37.1 (Rev. 2023) ("Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that . . . a person under [PRS] has committed a felony . . . , the court may revoke his probation and impose any or all of the sentence.").

subsequently filed a motion for post-conviction relief (PCR), arguing that his 2018 sentence was illegal "because the overall length of probation exceeds the maximum of 5yrs [sic]."[2] The circuit court dismissed Miller's motion because it was filed outside the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act's (UPCCRA). Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Miller filed a notice of appeal.

¶2. When a defendant pleads guilty, any PCR motion must be filed "within three (3) years after entry of the judgment of conviction." *Id.* Miller's PCR motion was filed more than four years after he was convicted, and it does not meet any statutory exception to the statute of limitations. Miller argues that the statute of limitations does not apply because he alleges a violation of his "fundamental constitutional rights." But our Supreme Court has held that there is no "fundamental-rights exception to constitutional, substantive enactments of the Legislature such as the three-year statute of limitations applicable to [PCR motions]." *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023). Therefore, Miller has failed to show that his claim is excepted from the UPCCRA's statute of limitations.

¶3. The circuit court properly dismissed Miller's PCR motion because it is barred by the UPCCRA's statute of limitations.

¶4. **AFFIRMED.**

---

[2] Miller's claim that his sentence is illegal is wrong. The maximum amount of time that a defendant may serve on *supervised* PRS is five years, but the court may sentence the defendant to an additional term of *unsupervised* probation. *See Sweat v. State*, 912 So. 2d 458, 460 (¶¶4-5) (Miss. 2005); *Savell v. Manning*, 325 So. 3d 1208, 1221 n.4 (Miss. Ct. App. 2021). In his PCR motion, Miller also argued that his guilty plea was not voluntarily and intelligently made. But on appeal, Miller expressly states that he "challenges only [his] sentence [and] not [his] plea."

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**